IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMIKA STRICKLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, Postmaster General,<br><br>　　　　Defendant. | Case No. 25-cv-05212-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING JANUARY 9, 2026, HEARING** |

　　　　Before the Court is defendant Louis DeJoy's Motion, filed September 29, 2025, "to Dismiss Complaint." Plaintiff Shamika Strickland has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 9, 2026, and rules as follows.

　　　　The Complaint asserts claims under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act, each based on decisions the government allegedly has made regarding plaintiff's requests for accommodations at her workplace. As set forth below, each of plaintiff's claims is subject to dismissal.

　　　　First, in her opposition, plaintiff states she does not seek relief under the ADA and does not seek an award of punitive damages. (See Pl.'s Opp. at 3:28-4:7, 5:17-22.) Consequently, to the extent the motion seeks an order dismissing such claims, the motion will be granted as unopposed.

　　　　Second, contrary to plaintiff's arguments, her Rehabilitation Act claims are subject to dismissal, as plaintiff fails to plead facts to support a finding that she timely exhausted

her administrative remedies.[1]  In particular, an individual who believes he/she has "been discriminated against on the basis of . . . disability . . . must initiate contact with [an Equal Employment Opportunity Commission ('EEOC')] Counselor within 45 days of the date of the matter alleged to be discriminatory."  See 29 C.F.R. § 1614.105(a)(1); see also Cherosky v. Henderson, 330 F.3d 1243, 1244-46 (9th Cir. 2003) (applying 45-day requirement to failure-to-accommodate claims brought under Rehabilitation Act; further holding "[f]ailure to comply with [45-day requirement] is fatal to a federal employee's discrimination claim") (internal quotation and citation omitted).  Plaintiff, however, does not allege she did so.[2]

## CONCLUSION

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED.  Said dismissal is with leave to amend to allege, if plaintiff can do so, facts that establish she timely exhausted her Rehabilitation Act claims, as well as other facts plaintiff may wish to add in support of her claims under the Rehabilitation Act.  If plaintiff elects to amend, she shall file a First Amended Complaint no later than January 30, 2026

**IT IS SO ORDERED.**

Dated: December 29, 2025

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of such ruling, the Court does not reach defendant's alternative argument that the Complaint fails to plead sufficient facts to support a Rehabilitation Act claim. Additionally, to the extent defendant contends plaintiff cannot seek in this action lost wages to which the Department of Labor has found she is not entitled, such contention is not supported by the document on which defendant relies, which, by both its title and contents, is conditional in nature.  See 5 U.S.C. § 8128(b)(2) (providing decision by Department of Labor denying a payment for wages is "not subject to review . . . by a court by mandamus or otherwise") (Def.s' Req. for Judicial Notice Ex. 1 ("Notice of Proposed Termination") at 2.)

[2] In her opposition, plaintiff states she submitted an EEOC complaint and offers a copy of an order by the EEOC dismissing said complaint.  Plaintiff does not, however, allege the date she initiated contact with an EEOC counselor and has not identified the claim or claims she raised at that time.