United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAMIKA STRICKLAND,

Plaintiff,

v.

LOUIS DEJOY, Postmaster General,

Defendant.

Case No. 25-cv-05212-MMC

**ORDER GRANTING MOTION TO DISMISS; AFFORDING LEAVE TO AMEND**

Before the Court is defendant Louis DeJoy's Motion, filed February 12, 2026, to dismiss plaintiff Shamika Strickland's First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Shamika Strickland ("Strickland") has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

## BACKGROUND[2]

Strickland "has been employed" by the United States Postal Service ("USPS") "since 2020 as a Labor Custodian." (See FAC at 3.)[3] On January 31, 2022, Strickland "sustained a work-related injury," which "substantially limits major life activities." (See id.)

---

[1] By order filed April 23, 2026, the Court took the matter under submission.

[2] The following facts, unless stated otherwise, are taken from the FAC and assumed to be true for purposes of the instant motion.

[3] Plaintiff's FAC is not filed in accordance with this district's local rules. For all future filings, plaintiff is hereby directed to use "paper with numbered lines" and "double-spaced" text. See Civil L.R. 3-4(c).

Plaintiff alleges "USPS … improperly code[d] her medically-excused absences" as "LWOP," i.e., Leave Without Pay, or "AWOL," i.e., Absence Without Leave (see id. at 8) and that the "misclassify[ing]" of her time sheets continued "throughout 2022, 2023, 2024, and 2025" (see id. at 7) for the purpose of "block[ing] [p]laintiff from reassignment" to available "administrative positions she was qualified to perform" and for which she requested reassignment in 2023, 2024, and 2025 (see id. at 8-9).

On February 29, 2024, Strickland attended a meeting with USPS's District Reasonable Accommodation Committee ("DRAC") (see id. at 5), at which she was asked "to identify any accommodations that would enable [her] to perform all the essential functions of the position" of Labor Custodian (see Doc. No. 45-1 (Friend Decl.) Ex. A, at 4),[4] and thereafter was offered a position, which, she alleges, was "medically unsuitable based on [her] … documented restrictions." (see FAC at 10). In light thereof, Strickland initiated contact with an EEOC counselor on March 22, 2024, and she filed a formal EEOC charge on June 12, 2024 (see id. at 7), after which, Strickland alleges, USPS "retaliated against" her by "deactivating [her] badge and posting her photograph in the security both." (See FAC at 15.)

Based on the above allegations, Strickland asserts the following three Claims for Relief under the Rehabilitation Act: (1) "Count I — Failure to Accommodate"; (2) "Count II — Disability Discrimination"; and (3) "Count III — Retaliation."[5]

---

[4] Defendant's unopposed request for judicial notice of two documents constituting part of the administrative record pertaining to Strickland's Equal Employment Opportunity Commission ("EEOC") proceedings, namely a letter from USPS to Strickland dated March 30, 2024, and a Notice of Proposed Termination sent to Strickland by the Office of Workers' Compensation Programs ("OWCP") on January 15, 2025, is hereby GRANTED. See Lacayo v. Donahoe, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) (holding "it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record"). In doing so, the Court takes notice of "the existence of the administrative proceedings and the agency's findings and does not credit the truth of any fact recounted or matter asserted in the documents." See id. at 10.

[5] Plaintiff's unopposed request that the Court consider sixteen exhibits referenced in the FAC is hereby GRANTED. See Branch v. Tunnell,14 F.3d 449, 454 (9th Cir. 1994) (holding "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

2

*United States District Court*
*Northern District of California*

By the instant motion, defendant moves to dismiss plaintiff's FAC in its entirety on the basis of plaintiff's failure to exhaust administrative remedies and/or failure to allege facts sufficient to plead claims.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); see also Fed. R. Civ. P. 8(d)(1) (providing "[e]ach allegation must be simple, concise, and direct"). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See Twombly, 550 U.S. at 555. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion

considered in ruling on a Rule 12(b)(6) motion to dismiss"). Plaintiff has also attached a declaration to her Opposition, which the Court has not considered. See Vyas v. Vyas, 2016 WL 7496749, at *5 n.5 (C.D. Cal. Nov. 3, 2016) (holding "facts alleged in an opposition to a motion to dismiss and not in the complaint may not be considered in ruling on a motion to dismiss").

couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

### A.    Failure to Exhaust

At the outset, the Court addresses the procedure by which defendant has raised the issue of exhaustion. Defendant contends a failure to exhaust deprives a district court of jurisdiction and, consequently, that the instant motion is properly brought under Rule 12(b)(1). As the Ninth Circuit has explained, however, "[courts] do not recognize administrative exhaustion … as a jurisdictional requirement per se," but, rather, as a "condition precedent to suit which a defendant may waive or be estopped from asserting." See Vinieratos v. United States, 939 F.2d 762, 768 n.5 (9th Cir. 1991) (internal quotation, citation, and alteration omitted). The Court thus considers the question of exhaustion under Rule 12(b)(6).

To proceed on a claim under the Rehabilitation Act, a federal employee must exhaust his/her administrative remedies by filing a timely charge with the EEOC, and, to start with, "must initiate contact with [an EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory." See 29 C.F.R. § 1614.105(a)(1); see also Cherosky v. Henderson, 330 F.3d 1243, 1244-46 (9th Cir. 2003) (applying 45-day requirement to failure-to-accommodate claims brought under Rehabilitation Act; holding "[f]ailure to comply with [45-day requirement] is fatal to a federal employee's discrimination claim") (internal quotation and citation omitted). Claims not included in the EEOC charge may not be considered by a federal court unless those "claims are like or reasonably related to the allegations contained in the EEOC charge" such that they "f[a]ll within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the [EEOC] charge." See Lyons v. England, 307 F.3d 1092, 1104 (9th Cir. 2002) (alteration in original) (internal quotation and citation omitted).

In the instant action, plaintiff alleges she contacted the EEOC on March 22, 2024

United States District Court
Northern District of California

(See FAC at 7.) Consequently, although plaintiff alleges discriminatory incidents spanning a period from 2022 through 2025, she can predicate her claims only on discrete events that occurred on or after February 6, 2024.

As to her failure to accommodate claim, Strickland identifies one such incident, namely the DRAC meeting held on February 29, 2024. (See FAC at 5.) As to her discrimination claim, Strickland alleges she included in her EEOC charge a claim that "USPS … continued to misclassify her absences … throughout … 2024 and 2025" (see id. at 7) and in connection therewith incorporates an exhibit setting forth the specific dates (see Doc. No. 51 (Pl.'s Opp.) Ex. K (USPS listing of "unscheduled leave" dates) at 166-68).[6] To the extent any such misclassification(s) occurred on or after February 6, 2024, and continued after that date, her claim based thereon is exhausted.

As to her retaliation claim, however, Strickland fails to plead facts sufficient for the Court to ascertain whether any allegedly retaliatory adverse employment action was "reasonably related to the allegations contained in [her] EEOC charge." See Lyons, 307 F. 3d at 1104 (internal quotation and citation omitted). Strickland has not, for example, given the dates of the alleged retaliatory acts or included in the FAC either her EEOC charge itself or quoted the language of that charge. See Vasquez v. County of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2004) (holding claim predicated on "retaliation against [plaintiff] for filing the discrimination charge with the EEOC" was not exhausted where none of subsequent allegedly retaliatory acts would have fallen "under an investigation that the EEOC would have conducted based on the [EEOC] charge"). Consequently, Strickland has failed to plead sufficient facts to demonstrate exhaustion of her retaliation claim.

//

//

---

[6] With respect to exhibits, the citations herein are to the page numbers assigned at the top of each page by this district's electronic filing system.

**B.    Failure to State Claim**

**1.    Failure to Accommodate (Count I)**

Under the Rehabilitation Act, "a plaintiff must show that (1) she is disabled, (2) she is a qualified individual, and (3) that a reasonable accommodation is possible." Lacayo, 2015 WL 993448, at *17 (citing Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999) and Buckingham v. United States, 998 F.2d 735, 739-40 (9th Cir. 1993)). "Reasonable accommodations are mechanisms to remove barriers or provide assistance to disabled individuals so that they can perform the 'essential functions' of employment positions," Cripe v. City of San Jose, 261 F.3d 877, 889 (9th Cir. 2001), such as "job restructuring, part-time or modified work schedules" or "reassignment to a vacant position," see 42 U.S.C. § 12111(9)(B).

In Count I, plaintiff alleges "USPS had vacant administrative, modified-duty, and light-duty positions available during the relevant period but failed to reassign [her] or provide any accommodation despite" being made aware of her restrictions and "DRAC involvement." (See FAC at 14.) In particular, plaintiff alleges that although she was offered a "modified assignment" by USPS following the DRAC meeting, the assignment was "medically unsuitable." (See FAC 10).

Plaintiff has asked the Court to incorporate by reference, however, a letter from OWCP setting forth in detail the actions USPS took in response to plaintiff's claimed disability. (See Doc. No. 51 (Pl.'s Opp.) Ex. A (OWCP's "Notice of Proposed Termination" letter to Strickland) at 36-37). Although OWCP agreed with Strickland that the first modified assignment was "unsuitable" in light of her work restrictions, it found the second such assignment "appropriately accommodate[d] [Strickland]'s current work restrictions." (See id.) Plaintiff includes no allegation as to that second offer, and, indeed, alleges she "does not challenge any OWCP suitability determination in this action." (See FAC at 13.)[7]

---

[7] To the extent plaintiff may be contending there were other modified assignments that she preferred, "[a]n employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation," see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002)

United States District Court
Northern District of California

Accordingly, Count I is subject to dismissal.

### 2.   Disability Discrimination (Count II)

To state a discrimination claim under the Rehabilitation Act, "a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007).

In Count II, plaintiff alleges "USPS discriminated against [her] by misclassifying medically-excused absences and using them to deny opportunities and impose adverse actions." (See FAC at 14.)

As defendant points out, the FAC lacks factual allegations sufficient to support an inference that Strickland was discriminated against because of her disability. See Estell v. McHugh, 2016 WL 4140819, at *6 (N.D. Cal. Aug. 4, 2016) (dismissing Rehabilitation Act discrimination claim predicated on "purely conclusory" allegation "defendant took numerous adverse employment actions against plaintiff … because of her disability" (alteration in original) (internal quotation and citation omitted)); see also Johnson v. Buttigieg, 2022 WL 17551986, at *4 (N.D. Cal. Dec. 9, 2022) (dismissing Rehabilitation Act discrimination claim predicated on "FAC … devoid of anything to support a reasonable inference that [plaintiff]'s disability itself was a factor in Defendant's actions").

Accordingly, Count II is subject to dismissal.

### 3.   Retaliation (Count III)

To state a retaliation claim, a plaintiff must show, "(1) she engaged in a protected activity, such as the filing of a complaint alleging [disability] discrimination, (2) the [defendant] subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." See Manatt v. Bank of America, 339 F.3d 792, 800 (9th Cir. 2003) (internal quotation and citation omitted).

_____

(internal quotation and citation omitted), which USPS did by offering Strickland a suitable assignment.

7

Here, as set forth above, Strickland has failed to adequately plead she exhausted her retaliation claim. Even if Strickland had adequately pleaded exhaustion, however, her retaliation claim fails to allege facts to support a finding that "a causal link exists" between Strickland's filing of an EEOC charge and any adverse employment action. See id. For example, plaintiff has not alleged who took any allegedly retaliatory action against her and whether such individual was aware she had made an EEOC charge. See Perez v. McDonough, 2024 WL 4844383, at *7 (N.D. Cal. Nov. 20, 2024) (holding "[t]o establish the causal link it is '[e]ssential' that 'the employer was aware that the plaintiff had engaged in the protected activity'" (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982)); dismissing retaliation claim where plaintiff failed to allege decisionmaker involved in retaliatory action "was aware of [plaintiff's] EEO activity").

Accordingly, Count III is subject to dismissal on two grounds: failure to exhaust and failure to state a claim.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is hereby GRANTED and Strickland is hereby afforded leave to amend to cure, if she can do so, the above-noted deficiencies. Strickland may not, however, add any new parties or claims without specific leave of court.

If Strickland elects to amend, her Second Amended Complaint shall be filed no later than May 22, 2026.

**IT IS SO ORDERED.**

Dated: April 30, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

8